SHIPPERS' WAREHOUSE & COMPRESS CO. v. H. B. MOORE & CO.

(Court of Civil Appeals of Texas. Texarkana. Jan. 8, 1914.)

Warehousemen (§ 34*) — Action for Damages.

A petition alleging that plaintiffs sold 300 bales of cotton, that the cotton on shipment was consigned to defendant to the order of the shipper and with directions to notify the purchaser, that plaintiffs had correctly weighed the cotton before shipment, but that defendants negligently and incorrectly weighed the cotton, making it 2,500 pounds less than the actual weight, which resulted in a loss to plaintiffs of $270, did not state a cause of action, because not showing that defendants were under any duty to weigh the cotton, or to deliver the cotton and collect the price.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 71–85; Dec. Dig. § 34.*]

Appeal from Hopkins County Court; Dan R. Junell, Judge.

Action by H. B. Moore & Co. against the Shippers' Warehouse & Compress Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Crosby, Hamilton & Harrell, of Greenville, for appellant. D. Thornton, of Sulphur Springs, for appellee.

LEVY, J. Error is predicated upon the overruling by the court of a general demurrer to the plaintiffs' petition. The petition sets out that about October 1, 1912, the appellees sold to King, Collie & Co. of Dallas 300 bales of cotton in Naples, Tex., and, as agreed with such purchasers, appellees shipped the cotton to Sulphur Springs, Tex., consigned to appellant company, shipper's order, notify King, Collie & Co. It is then alleged that appellees had correctly weighed the cotton before shipping it, but that the appellant company negligently and incorrectly reweighed the said cotton to 2,524 pounds less than appellees' weight. The further allegations are in words as follows: "Said erroneous weights impeached the true weights so as to cause the loss, which resulted in such loss of 2,524 pounds to the plaintiffs. That plaintiffs were to and did receive from their vendees King, Collie & Co. $10.71 per 100 pounds for said cotton, which price was the reasonable cash market value of such cotton at such time, which would make plaintiffs' loss herein, by reason of such false and erroneous weight of defendant, $270.45, to plaintiffs' damage in that amount, on settlement with their vendees." The petition does not allege that the appellant company was under any contractual obligation to receive and deliver the shipment of cotton consigned to it. And if by the custom of the business, and, for its benefit, a compress company, as is appellant, receives and delivers cotton shipments from the seller to the purchaser, it is not so alleged. And it is not pretended to be alleged that appellant delivered the cotton shipped to it to such purchasers, nor delivered the cotton on the alleged erroneous weights, nor collected the price of the cotton from the purchasers on the erroneous weights. In the absence, as here, of any contractual obligation to receive and deliver to the purchasers the shipment of cotton, any liability of appellant arising from contract would be entirely aside. And if the petition as drawn is good against a demurrer, it must be upon the ground alone that appellant as a gratuitous bailee acted negligently in respect to the purposes of the bailment. But, in the absence, as here, of any allegation that could be construed as intending to show that the appellant accepted the shipment or undertook to perform the trust, it could not be said it was in the relation of gratuitous bailee. The law does not imply a promise commensurate with the trust as gratuitous bailee, unless the person has assumed or undertaken to perform the trust. No dealing by the appellant with or about the cotton appears from the petition except merely reweighing the same. And, even if appellant had been shown to have received the shipment and incorrectly reweighed the cotton, yet did not undertake to deliver the same to the purchasers, and did not undertake to collect the price of the cotton on such reweight, negligence proximately causing injury is not plead. The demurrer should, we think, have been sustained.

The judgment is reversed, and the cause remanded.